IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-00052-F-1
No. 5:16-CV-00639-F

| | |
|---|---|
| MICHAEL H. JACOBS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on the Government's Motion to Dismiss [DE-36] Michael H. Jacobs' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-28, -31,-34].[1] The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Jacobs' Motion to Vacate is DENIED.

### I. Factual and Procedural Background

On February 22, 2006, Jacobs was charged in each count of a six-count indictment. *See* Indictment [DE-2]. In Counts One, Three, and Five, Jacobs was charged with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). *See id.* Counts Two, Four, and Six charged Jacobs with using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *See id.*

---

[1] Jacobs' initial *pro se* attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-28], which was filed on June 30, 2016. At the court's direction, Jacobs filed a "conforming" motion [DE-34] on July 18, 2016. On July 11, 2016, Jacobs' appointed counsel filed a motion [DE-31] for relief under 28 U.S.C. § 2255.

At his arraignment, held on June 12, 2006, Jacobs pled guilty to Counts Two and Six pursuant to a written plea agreement [DE-21]. The Government agreed that at sentencing, it would dismiss Counts One, Three, Four, and Five of the Indictment. *Id.* at 7.

Jacobs sentencing was held on September 18, 2006, and he was sentenced to a total of 360 months' imprisonment: 60 months on Count Two and 300 months on Count Six, to run consecutively. *See* Judgment [DE-25]. Jacobs did not file a direct appeal.

On June 30, 2016, Jacobs filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-28, -31,-34 ]. Jacobs argues that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), (1) he was improperly designated as a career offender; (2) his convictions under § 924(c) should be invalidated; and (3) he is no longer an armed career criminal. On August 19, 2016, the Government filed a Motion to Dismiss [DE-36] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Jacobs has failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is

2

plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**Jacobs'** ***Johnson*** **claims fail on the merits.**

In *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in *Johnson* held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. 1268.

Jacobs' argument that following *Johnson*, he was improperly designated as a career offender, his first claim, must fail because he was sentenced to the statutory minimum on both counts of conviction. *See* Judgment [DE-25]. Thus, assuming *arguendo* that *Johnson* applies to

3

the Guidelines, it would not impact Jacobs' sentence.[2]

Jacobs second claim, his argument that following *Johnson*, his convictions under § 924(c) should be invalidated, also fails. Even assuming the Supreme Court's decision in *Johnson* applies to § 924(c)'s residual clause, the predicate "crime of violence" for both of Jacobs' § 924(c) convictions was armed bank robbery, in violation of §§ 2113(a) and (d). Bank robbery constitutes a crime of violence pursuant to § 924(c)'s force clause, as opposed to § 924(c)'s residual clause. *See United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (holding that bank robbery, in violation of § 2113(a), is a "crime of violence" within the meaning of the force clause of 18 U.S.C. § 924(c)(3) because it "has as an element the use, attempted use, or threatened use of physical force," namely the taking or attempted taking of property "by force and violence, or by intimidation").

Finally, Jacobs' argument that he no longer qualifies as an armed career criminal, his third claim, must also fail. A review of the record reveals that Jacobs was not sentenced as an armed career criminal.[3]

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-36] is ALLOWED

---

[2] On June 27, 2016, the Supreme granted certiorari in *Beckles v. United States*, 15-8544. The questions presented in *Beckles* include whether *Johnson* applies retroactively to collateral claims challenging sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). *See* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-8544.htm (last accessed October 11, 2016).

[3] Under the Armed Career Criminal Act ("ACCA"), a defendant "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1).

4

and Jacobs' Motion to Vacate [DE-28, -31, -34] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 14 day of October, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge